# 23-208-cv

# United States Court of Appeals
## for the
## Second Circuit

ZACHARY GIAMBALVO, JOHN MOUGIOS, SHANE
MASHKOW, KEVIN MCLAUGHLIN, MICHAEL MCGREGOR,
FRANK MELLONI, and RENAISSANCE FIREARMS
INSTRUCTION, INC., and all similarly situated individuals,

*Plaintiffs-Appellants,*

*v.*

SUFFOLK COUNTY, NEW YORK, Police Commissioner RODNEY
HARRISON, in his Official Capacity, MICHAEL KOMOROWSKI,
Individually, ERIC BOWEN, Individually, WILLIAM SCRIMA,
Individually, THOMAS CARPENTER, Individually, JOHN DOES 1-5,
Individually and JANE DOES 1-5, Individually, Acting Superintendent of the
New York State Police STEVEN NIGRELLI, in his Official Capacity,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

======================================================

# EXHIBITS

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiffs-Appellants*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090
info@bellantoni-law.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

|  |  |
|---|---|
| Plaintiffs, | 22 Civ. 04778 (GRB)(ST) |
| -against- | **DECLARATION OF** |
|  | **ZACHARY GIAMBALVO** |

SUFFOLK COUNTY, New York,
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually,

                       Defendants.
-----------------------------------------------------------------x

ZACHARY GIAMBALVO, declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2.      I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin enforcement of policies and procedures of the Suffolk County Police Department and certain state statutes that are violating my right to purchase, possess, and carry a handgun for self-protection.

3.      I am a resident of Suffolk County, New York. I have no prohibitions or disqualifications to the lawful purchase, receipt, possession, or ownership of firearms.

1

4.     I intend to immediately purchase, possess, and carry a 1911-style platform handgun sold by Camp-Site, a federally licensed firearms dealer (FFL) located in Huntington, New York. I would have already purchased a 1911 but for the fact that New York law requires a handgun license to purchase, possess and carry a handgun and I cannot do either until the Suffolk County Police Department Licensing Bureau issues my handgun license.

5.     Because the Second Amendment plainly states that I have the right to 'keep and bear arms', it is unconstitutional for me to have to seek permission and be subject to any wait time, particularly one that exceeds 30 days. Every FFL requires a NICS background check, which I have passed when purchasing long guns and will continue to pass. There is no reason for a license requirement at all.

6.     But to comply with New York's laws, I applied to the Suffolk County Police Department Licensing Bureau (SCPD) for a handgun license so that I could lawfully purchase, possess, and carry a handgun.

7.     I looked up the requirements and the application process on the SCPD Licensing Bureau website and followed the instructions. The only application provided on the website was the "Applicant Questionnaire" and the application process as described required that I submit the completed Applicant Questionnaire with a $10 check or money order made payable to "SCPD", which I did in February 2020.

8.     Months later, I contacted the Licensing Bureau to check on the status of my application and was told that my check was "never received", and that I would have to submit another application and $10 fee, which I did.

9.     On July 19, 2022, the Licensing Bureau informed Mr. Giambalvo, "there is an approximately a 2 year wait before you will hear from an investigator for the in person interview."

2

Attached hereto as Exhibit 1 is a true and accurate copy of the email from the SCPD Pistol Licensing Bureau.

10.     In August 2022, I called the Licensing Bureau to find out when my application would be assigned to an investigator. The woman who answered the phone at the Licensing Bureau, identified herself as "Suzanne" and stated, "it's going to take about a year and a half to 2 years to get called for the interview." A true and accurate copy of the digital recording of the conversation is attached hereto as Exhibit 2.

11.     I later learned that there was a state-imposed 6-month deadline for handgun license, which is also too much of a delay to exercise a protected constitutional right.

12.     I also learned that some of the sheriff offices upstate provide their law enforcement Originating Agency Identifier number (ORI) so that handgun license applicants can get their unsuppressed fingerprint-base criminal history report and turn it in with their PPB-3 State Application. If I have to be licensed, and SCPD is either too busy, understaffed, or just doesn't care to move the process along, I want to be able to speed this process up.

13.     If SCPD provided its ORI number, I would get the DCJS report, the 2 statutorily required photographs, complete a PPB-3 State application and present all 3 to the Licensing Bureau. Because I have no disqualifiers to firearm possession, there is no reason why a license could not issue within 30 days.

14.     I am not going to provide the information required by the CCIA under § 400.00(1)(o), including my social media account information, the names and contact information for any domestic partner or adults and children I live with, or be subject to an in-person interview.

15.     I am also not going to ask my character references for an affidavit that requires them to swear under oath that I have not "engaged in any acts, or made any statements that suggest they are likely to engage in conduct that would result in harm to themselves or others." Not that I

have done anything like that, but how would any applicant's character references know that information unless they were with that person every second of the day for their whole life? And what qualifies as an act or statements that "suggest" a particular result? The whole section is open to subjective interpretation and, like the social media disclosure, puts my First Amendment rights in conflict with the exercise of my Second Amendment rights.

16.     I have been around firearms for many years, I grew up around firearms, I learned firearms safety at a young age, and I go target shooting (rifle) with my friends regularly.

17.     When I am finally issued a handgun license and am able to purchase handguns, I will undoubtedly and regularly go to the range to go target shooting with them.

18.     I am planning to take the 18-hour concealed carry training course required by the CCIA in December 2022 and provided by Frank Melloni through Renaissance Firearms Instruction, Inc. (RFI). The 18-hour course contains a live-fire component, which I will also complete.

19.     Because SCPD has not issued my handgun license yet, I face credible threat of arrest and incarceration by SCPD Lt. Komorowski and/or other SCPD police officers. I learned that SCPD will arrest unlicensed individuals who engage in live-fire training by a duly authorized instructor, even though that is allowed under the Penal Law.

20.     I should not have to choose between exercising a right protected by the Second Amendment or being arrested and put in jail.

21.     Upon issuance of my license (and purchase of a 1911), I will carry a handgun on my person for self-defense regularly.

22. If I were to be arrested, even if the charge is dismissed, I will be ineligible to obtain a handgun or semiautomatic rifle license from SCPD in the future, which will cause me irreparable harm.

23. I again contacted the Licensing Bureau to see if their position had changed regarding accepting the PPB-3 upon presentment, as required by law. The man who answered the phone at the SCPD Licensing Bureau looked for my application in the system and informed me, "There is nothing else you have to do, just when we get up to you in the filing system."

24. When I asked if I could bring in a completed New York State Application (PPB-3), the man said, "The state application doesn't mean anything. That would be for the state troopers or the sheriffs, I don't know what application they use. But the one that you filled out is the one we have here so that's all you need." According to the Licensing Bureau, the statewide PPB-3 license application doesn't even apply to them.

25. SCPD apparently just does whatever it wants, without regard to the Penal Law or the Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2022

Zachary Giambalvo

5

**Exhibit 1 to Giambalvo Declaration**



| From | SCPD Pistol Licensing • SCPDPistolLicensing@suffolkcountyny.gov |
|------|------------------------------------------------------------------|
| To | Zachary Giambalvo • zjgiambalvo@gmail.com |
| Date | Jul 19, 2022, 9:19 AM |
| 🔒 | Standard encryption (TLS). View security details |

We received your payment on 6/23/22 – there is approximately a 2 year wait before you will hear from an investigator for the in person interview.

**Exhibit 2 to Giambalvo Declaration**

DIGITAL RECORDINGS SERVED AND SUBMITTED TO THE COURT IN HARD COPY FORMAT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                            Plaintiffs,                  22 Civ. 04778 (GRB)(ST)

       -against-

SUFFOLK COUNTY, New York,                             
Police Commissioner RODNEY HARRISON,         **DECLARATION OF**
in his Official Capacity, MICHAEL                **ZACHARY GIAMBALVO**
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, Acting Superintendent of the New York
State Police STEVEN NIGRELLI, in his Official
Capacity,
                            Defendants.
-----------------------------------------------------------------x

      ZACHARY GIAMBALVO, declares pursuant to 28 U.S.C. § 1746 that:

      1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own

personal knowledge and if called as a witness, I could and would testify competently to the truth

of the matters set forth herein. I submit this Declaration in support of Plaintiffs' application for an

injunction pending the appeal of the Court's February 14, 2023 decision denying our motion for

an injunction and to supplement my Declaration submitted in support thereof dated December 2,

2022.  I am a resident of Suffolk County, New York and I have no prohibitions or disqualifications

to the lawful purchase, receipt, possession, or ownership of firearms.

      2.      I have never been convicted of a crime and I do not engage in any substance or

alcohol abuse.

3.      Penal Law charges from between 11 and 19 years ago, were Dismissed and thereafter SEALED by the respective local courts and remain under seal. [ECF No. 35-1, Exhibit A, which was filed under SEAL].

4.      No unsealing Order has been applied for, or issued, and the dispositions were only made available to the Licensing Bureau of the SCPD as the agency with responsibility for the issuance of licenses to possess guns. See, CPL 160.50.

5.      In fact, none of this information is available to the general public, nor does anything in my past constitute a prohibitor or disqualifier to my free exercise of the right to possess, purchase, and carry handguns, rifles, and shotguns. In the course of my professional employment, I am subject to fingerprinting through the FBI every year; none of this information is or was made available to my employer.

6.      Yet the general public, my employer, and future employers are now aware of this judicially sealed and confidential information solely because of this Court's publication of such sealed and confidential information in its Memorandum and Order dated February 14, 2023.

7.      I have possessed long guns for years. Each long gun that I own was purchased through a federal firearms licensee (FFL/gun store) after completing ATF Form 4473 and undergoing and passing a federal background check through the NICS (National Instant Criminal Background Check System).

8.      My right to possess, purchase, carry, transfer, and receive any and all weapons in common use, for the purpose of self-defense, is unquestionably intact.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 16, 2023

Zachary Giambalvo

2

# EXHIBIT   2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                                Plaintiffs,                    22 Civ. 04778 (GRB)(ST)

      -against-

                                                **DECLARATION OF**
SUFFOLK COUNTY, New York,                **JOHN MOUGIOS**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, Acting Superintendent of the New York
State Police STEVEN NIGRELLI, in his Official
Capacity,
                                Defendants.
-----------------------------------------------------------------x

       JOHN MOUGIOS, declares pursuant to 28 U.S.C. § 1746 that:

       1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own

personal knowledge and if called as a witness, I could and would testify competently to the truth

of the matters set forth herein.

       2.      I submit this Declaration in support of Plaintiffs' application to preliminarily and

permanently enjoin enforcement of policies and procedures of the Suffolk County Police

Department and certain state statutes that are violating my right to purchase, possess, and carry a

handgun for self-protection.

       3.      I am a resident of Suffolk County, New York. I have no prohibitions or

disqualifications to the lawful purchase, receipt, possession, or ownership of firearms.

1

4.      I intend to immediately purchase, possess, and carry a Berretta Px4 Storm from Bensons Gun Shop, an FFL located in Coram, New York. I would have already purchased a Px4 but for the fact that I cannot legally purchase or possess a handgun until SCPD issues my handgun license.

5.      I should not have to, and will not, be subjected to a discretionary licensing scheme where I have to, among other things, provide my social media account information, personal relationship and family information, undergo an in-person interview, the 18-hour training requirements, and the character reference information required by the CCIA.

6.      I intend to carry a handgun concealed for self-defense without being subject to the "proper cause" requirement rejected by *Bruen*, but SCPD apparently is not abiding by the Constitution because the SCPD guide to obtaining a pistol license still contains the 'proper cause' requirement for issuing a concealed carry license.

7.      In 2021, I visited the SCPD website to identify the process and procedure for applying for a New York State handgun license.

8.      In **July 2021**, I submitted the completed Applicant Questionnaire and $10 fee to SCPD. There was no other application available to fill out or even mentioned.

9.      I have not heard anything from the Licensing Bureau, no investigator has been assigned to my application, I have not been scheduled for an appointment to be fingerprinted or photographed, have not been provided with the State Application, and will not have my appointment for *up to another year* based on SCPD procedures.

10.      I would submit my completed PPB-3 application, the 2 required photographs, and my fingerprint-based unsuppressed criminal history report from the Division of Criminal Justice

Services to SCPD, but I cannot because SCPD does not provide the information necessary for me to obtain my criminal history report and will not accept the PPB-3 upon presentment.

11.     The state requirement that a license issue within 6 months from filing the State application should be enjoined, as should SCPD's lengthy licensing procedure. Any firearm licensing process that takes more than 30 days is too long to wait to exercise a preexisting right.

12.     I also object to the 18-hour training requirement before being able to carry a handgun for self-defense, and I will not comply.

13.     I received an Honorable Discharge after serving for 6 years in the New York Army National Guard where I was assigned to Bravo Company, 1/69th Infantry Division. In service, I received extensive firearms training and over 2½ years of experience as a Team Leader conducting live fire exercises and teaching basic infantry tactics and weapons safety courses. I should not have to spend time and money on additional firearms training.

14.     More importantly, protecting myself with a handgun is a guaranteed individual right of mine that cannot be conditioned on, or delayed, by such a regulation.

15.     I also object to providing character references. Before a firearms license is issued, I will have submitted to a fingerprint-based background investigation through the federal and state databases, which will reveal whether I have any state and/or federal disqualifiers to firearm possession, which I do not. My right to possess handguns and protect myself and my family is not dependent on third parties – whether that means disclosing my application to them, seeking their recommendation, or otherwise. It also violates my rights to be forced to disclose to third parties that I am applying for a firearm license and/or that I possess and/or carry firearms.

16.     I intend to carry a handgun concealed for self-protection, but I will not comply with the disclosure of information like providing my social media accounts, personal relationships

and family information, an in-person interview, or the subjective 'moral character' language. I also do not want to be at the mercy of a county employee with discretion to require me to provide "any such other information" as the new regulations allow. None of that information has any relevance to the fact that I have no disqualifiers under state or federal law to the purchase, receipt, transfer, or possession of firearms.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 2, 2022

_____

John Mougios

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                           Plaintiffs,               22 Civ. 04778 (GRB)(ST)

    -against-

SUFFOLK COUNTY, New York,            **DECLARATION OF**
Police Commissioner RODNEY HARRISON,   **JOHN MOUGIOS**
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, Acting Superintendent of the New York
State Police STEVEN NIGRELLI, in his Official
Capacity,
                         Defendants.
------------------------------------------------------------------x

JOHN MOUGIOS, declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own

personal knowledge and if called as a witness, I could and would testify competently to the truth

of the matters set forth herein. I submit this Declaration in support of Plaintiffs' application for an

injunction pending the appeal of the Court's February 14, 2023 decision denying our motion for

an injunction and to supplement my Declaration submitted in support thereof dated December 2,

2022. I am a resident of Suffolk County, New York and I have no prohibitions or disqualifications

to the lawful purchase, receipt, possession, or ownership of firearms.

2.      I have never been convicted of any Penal Law offense – criminal or non-criminal,

and I do not engage in "illicit drug use."

1

3.      Two Penal Law charges (involving allegations of non-criminal violations) from between 10 and 18 years ago, respectively, and were Dismissed and "Terminated in Favor of the Accused" pursuant to CPL 160.50 and thereafter SEALED by the respective local courts and remain under seal. As for the third allegation, the District Attorney's Office Declined to Prosecute the charge. [ECF No. 35-2, Exhibit B, which was filed under SEAL].

4.      No unsealing Order has been applied for, or issued, and the dispositions were only made available to the Licensing Bureau of the SCPD as the "agency with responsibility for the issuance of licenses to possess guns." See, CPL 160.50.

5.      Nothing in my past disqualifies me from exercising any and all rights protected by the scope of the Second and Fourteenth Amendments.

6.      I have possessed long guns – rifles and shotguns - for years. Each long gun that I own was purchased through a federal firearms licensee (FFL/gun store) after completing ATF Form 4473 and undergoing and passing a federal background check through the NICS (National Instant Criminal Background Check System).

7.      My right to possess, purchase, carry, transfer, and receive any and all weapons in common use, for the purpose of self-defense, is unquestionably intact.

8.      As noted in my prior Declaration, I submitted to New York's requirement that I obtain a handgun license from the Suffolk County Police Department Licensing Bureau to lawfully possess, purchase, and/or carry a handgun, and commenced the licensing process in July 2021 by submitting a completed Applicant Questionnaire and $10 fee to SCPD.

9.      The Applicant Questionnaire required that I provide four (4) character references who can attest to my good moral character, which I provided on the completed and submitted Applicant Questionnaire. [ECF No. 35-2, Exhibit B, which was filed under SEAL].  While I

continue to object to the character reference requirements, including those required under Penal Law § 400.00(o), until the Complaint in this action was filed SCPD had no notice that I would be objecting to their enforcement of the statute, but still unconstitutionally delayed the licensing process for years.

10.     Approximately 18 months later, and in January 2023, my file was finally assigned to an Investigator and I was called to the Licensing Bureau for an interview, fingerprinting, and to be photographed. I went to the Licensing Bureau, was fingerprinted and photographed, but not interviewed. I was informed by SCPD staff that, because I was suing Suffolk County in this case they could not talk to me.

11.     At my appointment, I was also provided with the New York State PPB-3 pistol/revolver application to take home and complete. I filled out the PPB-3 and submitted the form to the Licensing Bureau on or about February 8, 2023, along with the required fee.

12.     Under SCPD policy and procedure, no decision will be made on my application for another 6 months.

13.     As I noted in my prior Declaration, I have served my country and received an Honorable Discharge after my 6 years in the New York Army National Guard where I was assigned to Bravo Company, 1/69th Infantry Division.

14.     Protecting myself with a handgun is a guaranteed individual right of mine. SCPD's licensing delays are unconstitutional and should be enjoined.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 16, 2023

_____

John Mougios

3

**EXHIBIT  3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                      Plaintiffs,                    22 Civ. 04778 (GRB)(ST)

      -against-

                                              **DECLARATION OF**
SUFFOLK COUNTY, New York,                 **SHANE MASHKOW**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually,

                      Defendants.
----------------------------------------------------------------x

     SHANE MASHKOW, declares pursuant to 28 U.S.C. § 1746 that:

     1.     I am a plaintiff in the above-captioned matter. I make this Declaration of my own

personal knowledge and if called as a witness, I could and would testify competently to the truth

of the matters set forth herein.

     2.     I submit this Declaration in support of Plaintiffs' application to preliminarily and

permanently enjoin enforcement of policies and procedures of the Suffolk County Police

Department and certain state statutes that are violating my right to purchase, possess, and carry a

handgun for self-protection.

     3.     I am a resident of Suffolk County, New York and I have no prohibitions or

disqualifications to the lawful purchase, receipt, possession, or ownership of firearms.

4.      I intend to immediately purchase, possess, and carry a Glock-19 from Dark Storm Industries in Oakdale, New York (Suffolk County).  I would have already purchased a Glock-19 from Dark Storm but for SCPD's delays in issuing my handgun license. New York law prohibits the transfer or receipt of a handgun without a handgun license.

5.      Even if I purchased a handgun from an FFL (subject to a NICS background check) outside of New York State, I could not possess or carry it to protect myself in New York because I would face criminal charges for possessing a handgun without a license – even in my home.

6.      I object to being subjected to a discretionary licensing scheme to simply exercise my guaranteed constitutional right to keep and bear arms - conduct presumptively protected by the plain text of the Second Amendment.

7.      I also intend to carry a handgun concealed for self-protection, but I will not comply with the disclosure of information under Penal Law § 400.00(1)(o), like providing my social media accounts, personal relationships and family information, an in-person interview, the character reference information, the 18-hour training requirements, or the subjective 'moral character' language. I also do not want to be at the mercy of a county employee with discretion to require me to provide "any such other information" as the new regulations allow. None of that information has any relevance to the fact that I have no disqualifiers under state or federal law to the purchase, receipt, transfer, or possession of firearms.

8.      To be issued a handgun license in New York, an extensive background check is conducted – my fingerprints will be checked in the New York and federal databases for any disqualifying events, which there are none. No other government-imposed criteria should interfere with my right to purchase, possess, and carry a handgun for self-defense.

9.     To comply with New York law, in 2020 I applied for a handgun license to my local licensing officer, the SCPD Licensing Bureau. I went to the SCPD website find out what needed to be done. The process required me to submit the application with a $10 filing fee made payable to "SCPD." The only application mentioned and provided on the SCPD website was the Applicant Questionnaire.

10.     I completed and submitted the Applicant Questionnaire and the $10 fee to the Licensing Bureau.  Months later, and in and around November/December 2021, I called the Licensing Bureau to check on my application, and I was told that my check was "never received" and that I would have to submit another application and $10 fee.

11.     I completed another Applicant Questionnaire and filed it with the Licensing Bureau along with another $10 fee in February 2022 – 8 months ago.

12.     In July 2022, I called Licensing Bureau to find out when I would be called in to be fingerprinted. The woman at the Licensing Bureau laughed, then told me that I should get an appointment sometime in *February 2024*.

13.     I also emailed the Licensing Bureau for the same information; the Licensing Bureau responded on July 14, 2022 indicating that office was "currently processing November/December 2020, there is an extremely long wait for the interview."

14.     I contacted the Licensing Bureau a few months later and was told that they are currently scheduling interviews for people who submitted the questionnaire in February 2021.

15.     I was not aware that the statutory 6-month timeframe for issuing a license did not begin until presentment of the State Application (PPB-3). I would gladly submit the completed PPB-3 application, the 2 required photographs, and obtain my own my fingerprint-based unsuppressed criminal history report from the Division of Criminal Justice Services but SCPD

3

does not provide the ORI number for obtaining the report and it is my understanding that they will not accept the PPB-3 upon presentment, so submitting it would be futile.

16.     I work in New York City every day, Monday through Friday. I leave my home before 9:00 a.m. and I do not return until after 4:30 p.m.  The Licensing Bureau is only open Monday through Friday from 9:00 a.m. until 4:30 p.m. If required to be fingerprinted, personally interviewed, and/or photographed at the Licensing Bureau, I will have to take time off from work just to be able to exercise a guaranteed constitutional right. I should either be able to provide the required documents – fingerprint report, PPB-3 and photographs – by mail or, if in person, at a time outside of banker's hours. SCPD is a police station after all.

17.     I have contacted multiple businesses on Long Island, including Dark Storm Industries in Oakdale, New York (Suffolk County), regarding the 18-hour training required to apply for a concealed carry license. Each business confirmed that a handgun permit is required to take the CCW training.

18.     The fees range from around $400 to $800 (Dark Storm's fee), which is not a nominal amount of money to have to spend to exercise a constitutional right. For certain, I plan to train regularly at the gun range, at my own pace and financial ability. But to prevent me from protecting myself with a handgun until I satisfy a government-imposed condition is an obvious infringement and violates the Second Amendment.

19.     The SCPD regulations and state statutes challenged in our complaint and this motion should be preliminarily and permanently enjoined.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31, 2022

Shane Mashkow

4

**Exhibit 1 to Mashkow Declaration**

[Sent from Yahoo Mail for iPhone](#)

Begin forwarded message:

On Thursday, July 14, 2022, 4:08 PM, SCPD Pistol Licensing
<SCPDPistolLicensing@suffolkcountyny.gov> wrote:

> We are currently processing November/December of 20**20,** there is an extremely long
> wait for the interview.

---

**From:** shane mashkow [mailto:shanemashkow@yahoo.com]
**Sent:** Monday, July 11, 2022 1:53 PM
**To:** SCPD Pistol Licensing
**Subject:** Pistol License Update

**ATTENTION**: This email came from an external source. Do not open attachments or click on links
from unknown senders or unexpected emails.

---

Hello,

I'm emailing today for an update on the progress of my Pistol License. My $10
check was cashed February 17th of 2022 and haven't received a communication
since.

Thank you,

Shane Mashkow

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                          Plaintiffs,                   22 Civ. 04778 (GRB)(ST)

       -against-

SUFFOLK COUNTY, New York,                **DECLARATION OF**
Police Commissioner RODNEY HARRISON,    **KEVIN MCLAUGHLIN**
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually,
                          Defendants.
-----------------------------------------------------------------x

KEVIN MCLAUGHLIN, declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2.      I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin enforcement of policies and procedures of the Suffolk County Police Department and certain state statutes that are violating my right to purchase, possess, and carry a handgun for self-protection.

3.      I am a resident of Suffolk County and a U.S. Marine reservist. I have no prohibitors under state or federal law to the purchase, receipt, possession, or transfer of firearms. As soon as I am legally able, I intend to purchase, possess, and carry a handgun for self-defense.

1

4. In 2022, I visited the SCPD website to obtain an application and learn about the process for obtaining a New York State handgun license. I printed out and completed the application, which was called the Applicant Questionnaire, and submitted it with the $10 application fee made payable to "SCPD" on July 1, 2022.

5. I contacted the Licensing Bureau around August 2022 to see how long it would be before I would be called in to be fingerprinted. The Licensing Bureau told me that I would not be called in to be fingerprinted for *approximately 3 years – in and around July 2025.* If the State is not going to comply with constitutional carry, then any licensing process that takes more than 30 days should be enjoined as violating the Second Amendment. Every purchase of a firearm in New York goes through an FFL; a background check is done on the spot. If the individual is disqualified, the sale is denied. If not, the sale is approved. The process takes less than 15 minutes. There is no reason why the SCPD licensing process needs to take so long.

6. If I have the information from SCPD to obtain my own unsuppressed fingerprint based criminal history report from the Division of Criminal Justice Services, I would submit the report, a completed PPB-3 application, and the 2 required photographs to SCPD immediately. As SCPD does not provide its ORI number and will not accept the PPB-3 upon presentment.

7. While I object to all of the regulations enacted under the Concealed Carry Improvement Act, which did nothing to 'improve' the right to carry a handgun, I make specific mention of the 18-hour training requirement. As a U.S. Marine reservist, I have extensive firearms training and will not spend money and time to attend the 18-hour training course. Protecting myself with a handgun is a guaranteed right and cannot be conditioned on or delayed by such a regulation,

nor should I be forced to spend hundreds of dollars to simply exercise that right.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2022

Kevin McLaughlin

# EXHIBIT  5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                        Plaintiffs,                22 Civ. 04778 (GRB)(ST)

    -against-

                                  **DECLARATION OF**
SUFFOLK COUNTY, New York,             **MICHAEL MCGREGOR**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually,

                    Defendants.
------------------------------------------------------------------x

     MICHAEL MCGREGOR, declares pursuant to 28 U.S.C. § 1746 that:

     1.     I am a plaintiff in the above-captioned matter. I make this Declaration of my own

personal knowledge and if called as a witness, I could and would testify competently to the truth

of the matters set forth herein.

     2.     I submit this Declaration in support of Plaintiffs' application to preliminarily and

permanently enjoin enforcement of policies and procedures of the Suffolk County Police

Department and certain state statutes that are violating my right to purchase, possess, and carry a

handgun for self-protection.

     3.     I am a resident of Suffolk County, New York and a practicing physician. I have no

prohibitions or disqualifications to the lawful purchase, receipt, possession, or ownership of

firearms.

4.   In 2020, I visited the Suffolk County Police Department website to obtain information about applying for a New York State license to purchase, possess, and carry a handgun. According to the website, the only application required to apply for a handgun license was the "Applicant Questionnaire." No other application was provided or even mentioned.

5.   Around November 13, 2020, I completed and submitted the Applicant Questionnaire, along with the $10 fee, to the Licensing Bureau.

6.   Around October 13, 2021, I contacted the Licensing Bureau to follow up on the status of my application. I was informed that no decision had been made because the Pistol Licensing Bureau was currently "working on pistol license applications from August 2020."

7.   The information published on the SCPD website led me to believe that the Applicant Questionnaire I submitted with my check in November 2020 was the required application that started the 6-month clock under the state statute.

8.   On December 7, 2021, my attorney filed a mandamus proceeding in Suffolk County State Supreme Court to mandate the SCPD Police Commissioner to issue a determination on my application because more than 6 months had elapsed since its filing and the law requires SCPD to issue a license or denial within that time frame.

9.   Suffolk County filed a motion to dismiss the proceeding, arguing that it was "premature" because the SCPD Applicant Questionnaire does not start the 6-month clock –the clock does not start running until the interview takes place and I am given the State Application.

10.   As the lawsuit was pending, and likely because we filed a lawsuit, I was contacted by Investigator Carpenter on January 11, 2022, to schedule an appointment to be interviewed and fingerprinted.

2

11. All of the dates offered by Inv. Carpenter were Wednesdays, which presented a conflict with my work schedule. I asked Inv. Carpenter for an appointment that did not fall on a Wednesday because I would have to take off from work, but he replied that Wednesdays are the only days of the week that the Licensing Bureau schedules interviews and fingerprinting.

12. With no other options, I took the day off from work to be interviewed and fingerprinted by SCPD to obtain a license to exercise a right that is guaranteed by the Constitution.

13. On Wednesday, January 26, 2022, the day after the New York Supreme Court granted the County's motion to dismiss the Mandamus as 'premature' because the State Application had not yet been filed, I met with Inv. Carpenter.

14. I was interviewed and fingerprinted by Inv. Carpenter who also gave me the New York State Pistol/Revolver License Application (PPB-3) to take home, complete, and have signed by each of my 4 references, which I did.

15. I filed the completed State Application PPB-3 with SCPD.

16. On March 24, 2022 – *16 months* after filing the Applicant Questionnaire and paying the SCPD filing fee – I was finally issued a handgun license.

17. I wanted an unrestricted concealed carry license, but because SCPD required everyone to establish 'proper cause' and a special need greater than anyone else in society, applying for an unrestricted carry would be futile.

18. The handgun license I was issued in March 2022 is a concealed carry handgun license restricted to sportsman, which allows me to purchase and possess handguns, and carry a handgun during sporting and target shooting activities.

19. After the *Bruen* decision in June 2022, I expected that the restrictions on my concealed carry license would automatically be deemed moot. But SCPD policy requires that

3

restricted concealed carry licensees file an amendment and pay yet another fee to remove unconstitutional restrictions that were only imposed because of a now-banned unconstitutional 'proper cause' requirement.

20.     Notwithstanding the absurdity, on August 15, 2022 I went to SCPD to present the amendment form and pay the fee. I told Inv. Carpenter that I was filing to have my restrictions removed and he informed me that the amendment form and check "starts it" but "doesn't change anything right now", meaning that I have applied for the ability to carry concealed to defend myself and paid the fee, but nothing has changed – despite *Bruen*.

21.     Inv. Carpenter gave me my receipt "to show that you started the 'process'" and told me to "keep [my] eyes and ears open for further guidance on the training and all that stuff."

22.     By 'training and all that stuff' Inv. Carpenter was referring to the 18-hour training requirement required by the Concealed Carry Improvement Act (CCIA) – which would not take effect for another 2 weeks on September 1, 2022.

23.     I have a New York State concealed carry handgun license - I object to having to take any additional steps to exercise my right to carry a handgun for self-defense.

24.     I also will not take the 18-hour class required by the CCIA.

25.     I go target shooting about once a month for 2-3 hours on average, usually at Blue Mountain in Courtlandt Manor if weather is nice or Coyne Park in Yonkers in the evenings or inclement weather. I fully intend to continue range practice to stay proficient with my handgun, but my right to self-protection cannot be conditioned on government permission. I am also not going to turn over my social media accounts, or who I live with and am married to, and the Licensing Bureau should not have discretion to create their own local rules – SCPD already

4

disregards the state's laws, allowing them free reign to create 'more restrictive' regulations will further destroy our Second Amendment rights.

26.    I am going to carry my handgun in public for self-protection outside of my sportsman restriction on a regular basis – with or without being issued an amended license. I should not be subject to criminal penalties for doing so.

27.    Of course, I have no intention of carrying a handgun in locations that the Supreme Court has identified as sensitive, like polling places, schools, and courthouses.

28.    I know that I face a credible threat of arrest by SCPD and NYSP for carrying my registered handgun outside of my license restriction, but I should not have to choose between engaging in constitutionally protected conduct and being arrested.

29.    The Suffolk County defendants created an absolute bar to my ability to purchase, possess, and carry a handgun for self-defense for over 16 months and are continuing to prohibit my right to protect myself when I leave the house.

30.    The Court should, respectfully, preliminarily and permanently enjoin Defendants' enforcement of the criminal statutes against licensed handgun owners, like myself, for carrying outside of my restriction – conduct protected by the plain text of the Second Amendment.

31.    Restricted concealed carry licensees should not be subjected to the provisions of the CCIA until renewal, if at all.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2022

Michael McGregor

5

# EXHIBIT   6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                        Plaintiffs,                  22 Civ. 04778 (GRB)(ST)

      -against-

SUFFOLK COUNTY, New York,                **DECLARATION OF**
Police Commissioner RODNEY HARRISON,   **FRANK MELLONI**
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, STEVEN NIGRELLLI, in his official
capacity,
                      Defendants.
-----------------------------------------------------------------x

FRANK MELLONI, declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own

personal knowledge and if called as a witness, I could and would testify competently to the truth

of the matters set forth herein.

2.      I submit this Declaration in support of Plaintiffs' application to preliminarily and

permanently enjoin enforcement of the Suffolk County Police Department policy to arrest any

person who engages in a live-fire handgun training program who does not have a New York State

handgun license, including their instructors.

3.      I am an NRA-certified firearms instructor and President of Renaissance Firearm

Instruction, Inc. (RFI), located in Suffolk County, New York. RFI provides firearms training to

1

students through NRA-certified instructors on a wide-variety of skills and practices, including the NRA Basic Pistol Course.

4.      After the enactment of the New York State Concealed Carry Improvement Act (CCIA), I created an 18-hour CCIA-compliant curriculum to train and certify individuals seeking to apply for, or renew, a New York State concealed carry handgun license. My CCIA training curriculum encompasses the requirements of Penal Law § 400.00(19), including the required 2-hour live-fire component (the "18-hour course"). The 18-hour course encompasses the NRA Basic Pistol Course, and otherwise meets the minimum standards required by the New York State Division of Criminal Justice Services.

5.      RFI offers the 18-hour course to the public, including individuals who have not been issued a New York State handgun license.

6.      I am duly authorized to instruct, supervise, and administer the 18-hour training course and to issue the requisite certificate required to obtain a New York State concealed carry handgun license [Penal Law § 400.00(1)(o)(iii)] to students who have successfully completed the course.

7.      While individuals cannot legally possess a handgun in New York without a New York State handgun license, Penal Law section 265.20 (3-a) [1] provides an exception to New York's criminal statutes.

8.      I advertise the 18-hour course on the RFI website, which contains a registration link for students to sign up for the training. The training is held at the Smithtown VOA Gun Club in Smithtown, New York (Suffolk County).

---

[1] 3-a. Possession of a pistol or revolver by a person undergoing live-fire range training pursuant to section 400.00 of this chapter while such person is undergoing such training and is supervised by a duly authorized instructor. N.Y. Penal Law § 265.20.

2

9.     The November 6, 2022 class had 18 registered students, including individuals who did not have a New York State handgun license. For unlicensed students, pistols and ammunition are made available during the live-fire training component, which is directly supervised by authorized and certified instructors, including myself.

10.     On October 24, 2022, I was forced to cancel the registration of  4 unlicensed individuals who had paid and signed up for the November 2022 18-hour class, and refund their payment, which caused economic harm to myself and RFI. I have since canceled numerous registrations of unlicensed individuals for the 18-hour class for the reasons set forth below.

11.     The reason I was forced to deregister the unlicensed students was the verbal threat that I received from Lt. Michael Komorowski of the Suffolk County Police Department. Lt. Komorowski informed me that SCPD will "arrest anybody who handles a pistol or revolver without a New York State pistol permit."

12.     Lt. Komorowski went so far as to say that SCPD is "not honoring" the exemption outlined in Penal Law § 265.20(3-a), which clearly allows for training before a permit is issued, as it is part of the application process.

13.     After my conversation with Lt. Komorowski, I called the licensing bureaus of the Nassau County Police Department and the Suffolk County Sheriff's Office.

14.     Lt. Timpano (Nassau County) and Investigator Dunn (Sheriff's Office) both informed me that their agencies are following the law as set forth in the Penal Law exemption.

15.     Unlike SCPD, neither agency is going to arrest an unlicensed person who possesses a handgun during the live-fire training, or their trainers because there is a specific exemption in the law.

16.     Implicit in the right to bear arms is the right to engage in training, which includes being instructed in the use of firearms. As I have the right to keep and bear arms, I also have the right to train others in the proper use of firearms. I also have the right to expression, which I exercise in the context of providing firearms training.

17.     I am informed that plaintiff Zachary Giambalvo is still waiting for his handgun license to be issued by SCPD and that he is going to attend my December 2022 18-hour class, including the live-fire component.

18.     I will instruct Mr. Giambalvo at the December 2022 18-hour class on all of the training requirements, including the live-fire component – whether he has received his handgun license or not.

19.     I face a credible threat of enforcement of SCPD's unconstitutional policies and felony arrest for facilitation and/or aiding and abetting the possession of a loaded firearm, particularly because I have announced in this case my intention to violate the SCPD policy.

20.     Even if the arrest by SCPD is ultimately determined to be unlawful and no prosecution comes from it because there is a statutory exemption for live-fire training, being arrested, fingerprinted, and incarcerated is an actual and irreparable harm.

21.     Other than Mr. Giambalvo, I will not register or provide training to any other unlicensed students for the 18-hour class until the SCPD policy is enjoined for fear of my arrest and theirs, which will constitute a continuing violation of my constitutional rights.

4

22.     Both I and RFI have suffered and will continue to suffer constitutional violations

and economic loss because of SCPD's policy so long as the threat of enforcement continues.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December  , 2022

_____*Frank Melloni*_ 12/07/2022_____
Frank Melloni and on behalf of
Renaissance Firearms Instruction, Inc.

# EXHIBIT   7

A2.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZACHARY GIAMBALVO, JOHN MOUGIOS, SHANE MASHKOW, KEVIN
MCLOUGHLIN, MICHAEL MCGREGOR, FRANK MELLONI, and
RENAISSANCE FIREARMS INSTRUCTION, INC and all similarly
situated individuals,

**DECLARATION
OF MICHAEL
KOMOROWSKI**

Plaintiffs,

**CV22-4778
(GRB) (ST)**

-against-

SUFFOLK COUNTY, New York, Police Commissioner RODNEY
HARRISON, in his Official Capacity, MICHAEL KOMOROWSKI,
Individually, ERIC BOWEN, Individually, WILLIAM SCRIMA,
Individually, WILLIAM WALSH, Individually, THOMAS CARPENTER,
Individually, JOHN DOES 1-5, Individually and JANE DOES 1-5,
Individually, Acting Superintendent of the New York State Police
STEVEN NIGRELLI, in his Official Capacity,

Defendants.

STATE OF NEW YORK )
                              ss.:
COUNTY OF SUFFOLK )

Michael Komorowski, having been duly sworn, deposes and says:

1)    I am a defendant in this action brought by plaintiffs Giambalvo, Mougios, Mashkow,

McLoughlin, McGregor, Melloni and Renaissance Firearms Instruction. Inc. pursuant to 42

U.S.C. § 1983.

2)    I am employed as a lieutenant with the Suffolk County Police Department, currently

assigned as Commanding Officer of the Pistol Licensing Bureau ("PLB").

3)    I understand that plaintiffs claim that the PLB hours are insufficient because it is

supposedly open for interviews only weekdays from 9:00 A.M. to 4 P.M.

1

4)    Plaintiffs are incorrect. The PLB is open and conducts licensing interviews weekdays from 8 A.M. to 11 P.M. The counter for the public to file license amendments is also open weekdays from 9:00 A.M. to 4:30 P.M.



MICHAEL KOMOROWSKI

Sworn to before me this
12th day of January 2023

Notary Public, State of New York

2

# EXHIBIT 8

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                                 Plaintiffs,                    22 Civ. 04778 (GRB)(ST)

      -against-

                                                   **DECLARATION OF**
SUFFOLK COUNTY, New York,                **JOSEPH A. TERRUSA**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually,
                                  Defendants.
----------------------------------------------------------------x

      JOSEPH A. TERRUSA, declares pursuant to 28 U.S.C. § 1746 that:

      1.      I am over the age of 18 and a resident of Suffolk County, New York. I make this

Declaration of my own personal knowledge and if called as a witness, I could and would testify

competently to the truth of the matters set forth herein.

      2.      I submit this Declaration in support of Plaintiffs' application to preliminarily and

permanently enjoin enforcement of policies and procedures of the Suffolk County Police

Department and certain state statutes that are violating my right to purchase, possess, and carry a

handgun for self-protection.

      3.      I have no prohibitions or disqualifications to the lawful purchase, receipt,

possession, or ownership of firearms. I currently own long guns, which I purchased from a federal

1

firearms licensee (FFL) after passing a federal background check through the National Instant Criminal Background Check System (NICS).

4.    In September 2021, I applied to the Suffolk County Police Department (SCPD) Licensing Bureau for a New York State handgun license.

5.    When the Concealed Carry Improvement Act (CCIA) was passed, which requires every applicant for a concealed carry license to complete an 18-hour training course (Penal Law § 400.00(19)), I took and completed an approved course and received my certificate while waiting for SCPD to contact me to be fingerprinted, photographed, and provided with the NYS PPB-3 License Application.

6.    I began to hear that, even though the Penal Law allows an exemption from criminal penalties, SCPD would arrest any unlicensed individuals who take the live-fire portion of the 18-hour course.

7.    On February 7, 2023, I spoke with "Denise" who answered the phone at the SCPD Licensing Bureau. Denise informed me that individuals who seek to obtain a concealed carry handgun license must first apply for and obtain a Premises License (which would allow me to purchase a handgun and possess it in my home), but that I would need to show proof of completion of the 18-hour training course before a concealed carry handgun license could be issued.

8.    Denise informed me that I would "have to apply for a pistol license before [I] could even go for the concealed carry course."

9.    When I asked if an individual who has already taken the 18-hour training course before applying for a license would be issued a concealed carry license by SCPD, Denise informed me, "No, because they can't, they can't do that."

2

10.     I informed Denise that the applicant did, in fact, already complete the concealed carry training course, she asked, "**Where did you go, because that's illegal. You can't handle a gun, you can't go to the range and handle a gun.**"

11.     I then asked, "But if the applicant *did* [complete the concealed carry training course], he'd be able to apply for a concealed carry, is that correct?" to which she responded that I "would have to get a pistol license [first]." A true and accurate copy of my recorded conversation with the SCPD Licensing Bureau is annexed hereto.

12.     SCPD is preventing applicants from completing the CCIA training course while waiting the 2-3 years for their handgun license application to be processed by informing the public that it is a crime to do so.

13.     SCPD is requiring unlicensed individuals, like myself, to first obtain a premise license and then reapply for a concealed carry license upon proof of the CCIA 18-hour training course – further delaying the right to carry a handgun for self-defense.

14.     On February 8, 2023, I went to the SCPD Licensing Bureau for my appointment to be fingerprinted and photographed, and I was provided with the NYS PPB-3 application. On the section of the PPB-3 to indicate the type of license to be applied for, the form was pre-populated where the "Concealed Carry" box was already checked.

15.     But at my appointment, the Licensing Bureau staff had crossed out the pre-marked box for "Concealed Carry" and instructed me to place my initials next to the mark, and check "Premise" instead. I was unable to apply for a "Concealed Carry" license and scared that I would

3

be arrested by SCPD if I presented my proof of completion of the 18-hour course.

I declare the foregoing to be true and accurate under the penalty of perjury.

Dated: March 2, 2023

_____
Joseph A. Terruso

**Exhibit 1 to the Terrusa Declaration**

Digital Recording Served and Filed with the Court in Hard Copy Format