# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-208

**Caption [use short title]**

**Motion for:** Expedited Appeal.

Set forth below precise, complete statement of relief sought:

Appellants seek an expedited appeal of the lower court's denial of their motion for a preliminary injunction.

Giambalvo v. Suffolk County, New York

**MOVING PARTY:** Plaintiffs/Appellants                **OPPOSING PARTY:** Suffolk County, New York

☑ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Amy L. Bellantoni              **OPPOSING ATTORNEY:** Arlene Zwilling

[name of attorney, with firm, address, phone number and e-mail]

The Bellantoni Law Firm, PLLC              Suffolk County Law Department
2 Overhill Road, Ste. 400                100 Veterans Memorial Hwy.
Scarsdale, New York 10583                Hauppauge, New York 11788

Court-Judge/Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed    ☐ Opposed    ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?    ☐ Yes ☑ No
Has this relief been previously sought in this court?    ☐ Yes ☑ No
Requested return date and explanation of emergency: _____
Briefing schedule concluding April 3, 2023.

Is oral argument on motion requested?    ☑ Yes    ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Amy L. Bellantoni        **Date:** 3/6/2023        Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 23-208-cv

# United States Court of Appeals
## for the
## Second Circuit

ZACHARY GIAMBALVO, JOHN MOUGIOS, SHANE MASHKOW, KEVIN MCLAUGHLIN, MICHAEL MCGREGOR, FRANK MELLONI, and RENAISSANCE FIREARMS INSTRUCTION, INC., and all similarly situated individuals,

*Plaintiffs-Appellants,*

v.

SUFFOLK COUNTY, NEW YORK, Police Commissioner RODNEY HARRISON, in his Official Capacity, MICHAEL KOMOROWSKI, Individually, ERIC BOWEN, Individually, WILLIAM SCRIMA, Individually, THOMAS CARPENTER, Individually, JOHN DOES 1-5, Individually and JANE DOES 1-5, Individually, Acting Superintendent of the New York State Police STEVEN NIGRELLI, in his Official Capacity,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

===========================================================

## APPELLANTS' MOTION FOR EXPEDITED APPEAL

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiffs-Appellants*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090
info@bellantoni-law.com

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................. i

PRELIMINARY STATEMENT ........................................................................... 1

LEGAL STANDARD FOR EXPEDITED APPEAL............................................ 1

RELEVANT FACTS ............................................................................................. 2

PROCEDURAL HISTORY................................................................................... 6

I. THERE IS GOOD CAUSE FOR EXPEDITED RESOLUTION
OF THIS APPEAL................................................................................................. 7

    A. SCPD's 2-3 Year Wait Time for a Handgun License................................. 7

    B. SCPD's "Arrest Policy" ............................................................................... 9

CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. All. Ins. Co. v. Eagle Ins. Co.*,
  92 F.3d 57 (2d Cir. 1996) .................................................................................. 2

*Freedom Commc'ns Inc. v. F.D.I.C.*,
  157 F.R.D. 485 (C.D. Cal. 1994) ...................................................................... 2

*NYSRPA v. Bruen*,
  142 S.Ct. 2111 (2022) ................................................................................Passim

*United States v. Delia*,
  925 F.2d 574 (2d Cir. 1991) ............................................................................. 2

**Statutes**

28 U.S.C. § 1657 ................................................................................................ 1, 2

**Rules**

Fed. R. App. P. 2 ..................................................................................................... 1
Fed. R. Civ. P. 8(a)(1) ............................................................................................. 7
Fed. R. App. P. 27 ................................................................................................... 1
Fed. R. Civ. P. 65 .................................................................................................... 1

i

## PRELIMINARY STATEMENT

Pursuant to Fed. R. App. P. 2 and 27, Local Rule 27.1(d) and 28 U.S.C. §1657(a), Appellants respectfully submit this Memorandum of Law in support of their emergency motion to expedite their interlocutory appeal from the District Court's Order denying their application for a Preliminary Injunction pursuant to Fed. R. Civ. P. 65 Pursuant to Fed. R. Civ. P. 65 to **(1)** enjoin Suffolk County's licensing process which enforces a **2-3 year delay in issuing** handgun licenses to Suffolk County residents; **(2)** refrain from implementing a Suffolk County policy that subjects unlicensed individuals, and their instructors, who participate in live fire training as required by Penal Law § 400.00(19) to arrest and incarceration; and **(3)** refrain from implementing and enforcing various provisions of the Penal Law enacted under the Concealed Carry Improvement Act (CCIA).

Appellants ask this Court to consider the instant appeal on an expedited basis because an expedited review of a matter where a preliminary injunction is granted or denied is appropriate.[1]

## LEGAL STANDARD FOR EXPEDITED APPEAL

Consistent with this Court's emphasis on the expeditious resolution of appeals, Congress has allowed federal courts to expedite the consideration of any

---

[1] Courts shall expedite the consideration of any action for temporary or preliminary injunctive relief. See, 28 U.S.C. § 1657.

1

action for temporary or preliminary injunctive relief, or any other action if "good cause" is shown. 28 U.S.C. § 1657; *Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485 (C.D. Cal. 1994) (Under 28 U.S.C. § 1657, the court has broad discretion in how to organize its docket. However, certain specific actions are named the highest priority civil actions—habeas corpus actions, recalcitrant witness actions, and actions for preliminary or temporary injunctive relief). See also, *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("[C]ourts have an interest in expediting litigation…."); *United States v. Delia*, 925 F.2d 574, 575 (2d Cir. 1991) ("[W]e have an obligation to our Court, to the bar, to all litigants, and to the public to do what we can to administer our caseload expeditiously"); *United States v. Raimondi*, 760 F.2d 460, 461-62 (2d Cir. 1985) ("The prompt and orderly administration of justice has long been a subject of the most pressing concern for this Court").

As this matter involves the denial of a preliminary injunction, an expedited appeal is warranted.

## RELEVANT FACTS

Appellants are residents of Suffolk County, New York who seek expedited review of the lower court's underlying order denying their motion for a preliminary injunction.

Suffolk County continues to implement its own policies, and enforce state statutes, which violate the Second and Fourteenth Amendment rights of its residents

2

notwithstanding the Supreme Court mandates expressed in *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022).

Specifically, Suffolk County implements a licensing process that takes **2-3 years** for its residents to obtain a license to possess in one's home and/or carry concealed for self-defense. The Supreme Court in *Bruen* admonished such "lengthy delays" as unconstitutional and invited constitutional challenges to the same. Appellants sought an injunction of Suffolk County's lengthy licensing delays and the implementation of a 30-day licensing requirement.

Second, Appellants sought an injunction of Suffolk County's "Arrest Policy." Under Suffolk County Police Department (SCPD) policy, unlicensed individuals who engage in the state-required concealed carry handgun training will be arrested notwithstanding a Penal Law statute that allows for an exemption for such training.

Appellants also sought an injunction of Penal Law § 400.00(1)(o), which was enacted through the Concealed Carry Improvement Act (CCIA).

By Memorandum and Order dated February 14, 2023[2], the lower court erroneously denied Appellants' motion for a preliminary injunction for lack of standing.

---

[2] Appellants' delay in filing this motion was due solely to counsel's having been out sick with covid and should not reflect negatively on her clients' motion.

3

The lower court, among other inconsistencies, erroneously conflated Appellants' "likelihood of success" on the merits of their claims with their likelihood of success in having their license applications approved by SCPD.

By assuming that the Licensing Bureau would "deny" Appellants' applications because they refused to comply with the challenged CCIA requirements, the lower court took the position that a denial of Appellants' applications is imminent and guaranteed - thereby conferring standing upon Appellants on futility grounds in any event. But even if applying for a license would be futile, as the lower court believes, Appellants have still subjected themselves to the licensing process, which the lower court acknowledged, and therefore have standing.

Appellants' likelihood of success in this action is substantial because (i) Suffolk County's lengthy wait times epitomize the unconstitutional "lengthy wait times" denounced in *Bruen*; and (ii) the challenged CCIA regulations are inconsistent with the plain text of the Second Amendment and this Nation's historical traditions of firearm regulations. *Bruen*, at 2126.

The *Bruen* Court made the continuation of 'may-issue' handgun licensing schemes, like New York's, conditional: "so long as those States employ objective licensing requirements like those used by the 43 shall-issue States." *Bruen*, 2162.

4

Yet, New York remains a subjective and discretionary, 'may-issue' State. Applying objective criteria, like those in the "shall issue" states, would promptly yield handgun licenses for each Appellant.

And whether SCPD ultimately determines that Appellants "qualify" or do not "qualify" for a license under improperly subjective criteria is immaterial to the issue of Appellants' standing to challenge the unconstitutional regulations being implemented.[3] Appellants, some of whom already lawfully owns long guns, are qualified and eligible under state and federal law to possess, receive, purchase, and transfer firearms.

At the very least, the *Bruen* Court specifically invited future challenges "where…lengthy wait times in processing license applications deny ordinary citizens their right to public carry." *Bruen*, at 2138, n. 9.

Appellants request that this Court: (1) expedite its review of this matter; (2) review *de novo* the lower court's denial of their motion for a preliminary injunction; (3) enter an Order granting their motion for a preliminary injunction; and (4) remand this matter to the lower court for further adjudication of Appellants' claims.

---

[3] Memorandum and Order at District Court Docket Sheet No. 40, p. 10.

5

## PROCEDURAL HISTORY

On November 17, 2022, Appellants filed their Amended Complaint[4] in the Eastern District of New York, which was assigned to the Hon. Gary R. Brown. [District Court Docket ("Dkt.") Entry No. 13].

The clerk's office issued a Summons on November 21, 2022 [Dkt. 15] and Affidavits of Service were filed with the Court between December 2 and 7, 2022. [Dkt. 16-23]. The Suffolk County Defendants filed their Answer on December 13, 2022. [Dkt. 30].

On December 11, 2022, Appellants filed a proposed Order to Show Cause and application for a Preliminary Injunction. [Dkt. 27]. On January 20, 2023, the State Defendant, Superintendent of the New York State Police Steven Nigrelli, filed his response. [Dkt. 34]. On that same date, the Suffolk County Defendants filed their response. [Dkt. 35]. On January 27, 2023, Appellants filed their reply. [Dkt. 37, 38].

On February 14, 2023, the lower court denied Appellants' motion for a preliminary injunction. [Dkt. 40]. A timely Notice of Interlocutory Appeal was filed by Appellants on February 15, 2023. [Dkt. 41].

---

[4] The action below was commenced on August 15, 2022 and held in brief abeyance pending determination of the challenges to the Concealed Carry Improvement Act in the Northern District.

6

Consistent with the requirements of FRAP 8(a)(1), and on February 17, 2023, Appellants moved in the lower court for an injunction pending this appeal. [Dkt. 42-44].

On February 21, 2023, the lower court denied Appellants' motion "for the reasons set forth in this Court's Memorandum & Order dated February 14, 2023." [Dkt. Sheet].

## I. THERE IS GOOD CAUSE FOR EXPEDITED RESOLUTION OF THIS APPEAL

### A. SCPD's 2-3 Year Wait Time for a Handgun License

The Second Amendment is not a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees. *Bruen*, at 2156 (citation omitted).

Yet, for some reason, some courts in this circuit take the position that the deprivation of Second Amendment rights does not actually constitute an injury.

The Supreme Court made clear that the 43 "shall issue" jurisdictions under which "a general desire for self-defense is sufficient to obtain a permit" may continue to be enforced because they do not necessarily prevent ordinary people from exercising their Second Amendment rights. *Bruen*, at 2138, n. 9 (cleaned up).

Indeed, the shall-issue regimes "appear to contain only narrow, objective, and definite standards guiding licensing officials, rather than requiring the appraisal of

7

facts, the exercise of judgment, and the formation of an opinion - features that typify proper-cause standards like New York's…" *Id.* (cleaned up).

To be clear, New York is **not** a "shall issue" regime – and was cautioned along with the other 5 rogue jurisdictions that its "may issue" licensing scheme could only continue if objective criteria like those employed by the "shall issue" states were employed.

> "Going forward, therefore, the 43 States that employ objective shall-issue licensing regimes for carrying handguns for self-defense may continue to do so.
>
> Likewise, the 6 States including New York potentially affected by today's decision may continue to require licenses for carrying handguns for self-defense so long as those States employ objective licensing requirements like those used by the 43 shall-issue States."

*Bruen*, at 2138.

But the Supreme Court warned even the "shall issue" states that their schemes may invite a constitutional challenge if put toward "abusive ends":

> "That said, because any permitting scheme can be put toward abusive ends, we do not rule out constitutional challenges to shall-issue regimes where, for example, **lengthy wait times** in processing license applications or exorbitant fees deny ordinary citizens their right to public carry."

*Id.* (emphasis added).

And SCPD's 2-3 year wait time applies to **all licenses**, including a license to simply purchase and have a handgun in one's home for self-defense – not just licenses to carry concealed.

8

Apart from new license applications, amendments to have carry restrictions removed are exceeding 7 months. Appellant Michael McGregor applied in August 2022 to have the restrictions on his "sportsman" restricted concealed carry license removed – restrictions that were only in place because of the "proper cause" requirement found unconstitutional by *Bruen* - and he is still waiting.

**B. SCPD's "Arrest Policy"**

When the CCIA was passed which, among other regulations, required applicants to complete an 18-hour training course before a concealed carry license could issue, the statute included an exception to criminal penalties for unlicensed individuals who possess/handle a handgun while completing the live-fire portion of the 18-hour CCIA training. See, Penal Law § 265.20(3-a).

This exemption properly allows individuals, like Appellant Zachary Giambalvo, to lawfully satisfy the state's training requirements before applying for a license, or while their application is pending.

However, as explained directly to Appellant Frank Melloni by the head of the SCPD Licensing Bureau, Lt. Michael Komorowski, SCPD "will arrest anybody who handles a pistol or revolver without a New York State pistol permit" because, as explained by Lt. Komorowski, SCPD is "not honoring" the § 265.20(3-a) exemption. [see, Appellants' motion for an injunction pending appeal at Melloni Declaration, ¶¶ 10-12].

9

In the lower court, Lt. Komorowski produced a Declaration opposing Appellants' motion for a preliminary injunction and remained silent in the face of Mr. Melloni's sworn statements concerning their conversation and the "Arrest Policy." [see, Appellants' motion for an injunction pending appeal at Komorowski Declaration]. Lt. Komoroski did not deny in his sworn Declaration that unlicensed individuals who engage in the CCIA training will be arrested by SCPD. [*Id.*].

Joseph Terrusa, who is not a party to this action, applied for a handgun license in September 2021 and has still not received a determination from SCPD. [see, Appellants' motion for an injunction pending appeal at Terrusa Declaration, ¶4]. While waiting for an appointment to be fingerprinted and photographed by the Licensing Bureau, Mr. Terrusa completed the 18-hour course required to obtain a concealed carry license. [*Id.* at ¶ 5]. But upon hearing that SCPD would arrest an unlicensed person who completed the CCIA training, he contacted SCPD to inquire. [*Id.* at ¶ 6].

During a phone conversation with the Licensing Bureau on February 7, 2023, "Denise" informed him that it was "illegal" for an unlicensed person to take the CCIA training and that he "would have to apply for a pistol license before [he] could even go for the concealed carry course." [*Id.* at ¶¶ 7-10 and annexed digital recording]. When he asked Denise about an 'applicant' who had, in fact, already completed the concealed carry training course, she asked, "Where did you go,

10

because that's illegal. You can't handle a gun. You can't go to the range and handle a gun." [*Ibid.*].

The outcome of this appeal, and the outcome of the pending motion for a preliminary injunction, will affect the rights of numerous Suffolk County residents, including Appellants.

## CONCLUSION

In light of the preceding, Appellants request that this court grant them an expedited appeal and briefing schedule as follows:

| | |
|---|---|
| Appellants' Principal Brief By: | March 20, 2023 |
| Appellees' Brief in Response By: | March 27, 2023 |
| Appellants' Reply Brief By: | April 3, 2023 |

Dated: March 6, 2023
      Scarsdale, New York

                              The Bellantoni Law Firm, PLLC
                              *Attorneys for Appellants*

                      *Amy L. Bellantoni*
      By:   _____
                    Amy L. Bellantoni
                    2 Overhill Road, Suite 400
                    Scarsdale, New York 10583
                    (914) 367-0090
                    abell@bellantoni-law.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word 2016 and, according to that software, it contains 2183 words, not including the cover, Table of Authorities, Table of Contents, or this Certificate of Compliance.

*Amy L. Bellantoni*
_____
Amy L. Bellantoni