UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 23-208 _____    _____ Caption [use short title] _____

Motion for: Permission to file exhibits of digital recordings

_____

_____

Set forth below precise, complete statement of relief sought:

Appellants' motion for an injunction pending appeal has been filed          Giambalvo v suffolk County, New York

and is pending. The subject exhibits of digital recordings

were submitted in hard copy format to the Court

along with the motion itself (and also served on counsel).

_____

_____

MOVING PARTY: Plaintiffs/Appellants _____    OPPOSING PARTY: Suffolk County, New York _____

☑ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Amy L. Bellantoni _____    OPPOSING ATTORNEY: Arlene Zwilling _____

[name of attorney, with firm, address, phone number and e-mail]

The Bellantoni Law Firm, PLLC                Suffolk County Law Department

2 Overhill Road, Suite 400, Scarsdale, New York 10583    100 Veterans Memorial Highway, Hauppauge, New York 11788

abell@bellantoni-law.com                arlene.zwilling@suffolkcountyny.gov

Court- Judge/ Agency appealed from: N/A

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):_____
_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?    ☐ Yes ☑ No
Has this relief been previously sought in this court?   ☐ Yes ☑ No
Requested return date and explanation of emergency: _____

Time frame consistent with Appellants' motion for
an injunction pending appeal.
_____

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Amy L. Bellantoni _____    Date: 3/9/2023 _____    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

# 23-208-cv

## United States Court of Appeals
### for the
## Second Circuit

ZACHARY GIAMBALVO, JOHN MOUGIOS, SHANE
MASHKOW, KEVIN MCLAUGHLIN, MICHAEL MCGREGOR,
FRANK MELLONI, and RENAISSANCE FIREARMS
INSTRUCTION, INC., and all similarly situated individuals,

*Plaintiffs-Appellants,*

*v.*

SUFFOLK COUNTY, NEW YORK, Police Commissioner RODNEY
HARRISON, in his Official Capacity, MICHAEL KOMOROWSKI,
Individually, ERIC BOWEN, Individually, WILLIAM SCRIMA,
Individually, THOMAS CARPENTER, Individually, JOHN DOES 1-5,
Individually and JANE DOES 1-5, Individually, Acting Superintendent of the
New York State Police STEVEN NIGRELLI, in his Official Capacity,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

========================================================

## APPELLANTS' MOTION FOR LEAVE TO FILE EXHIBITS (DIGITAL RECORDINGS)

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiffs-Appellants*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090
info@bellantoni-law.com

## PRELIMINARY STATEMENT

Appellants respectfully submit this Memorandum of Law in support of their request for leave to file exhibits in support of their motion for an injunction pending appeal, which consist of digital recordings.

## RELEVANT FACTS

Appellants are residents of Suffolk County, New York who filed a complaint in the Eastern District of New York seeking, among other relief, an order preliminary enjoining certain policies of the Suffolk County Police Department (SCPD) handgun licensing bureau in violation of the Second and Fourteenth Amendments rights.

In particular, Appellants are challenging SCPD's lengthy wait times for processing handgun licenses. In Suffolk County,  the average wait time for residents to obtain a license to lawfully possess a handgun - whether in one's home and/or to carry concealed for self-defense -  is **2-3 years**.

The Supreme Court in *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2138 (2022) cautioned jurisdictions about "lengthy delays" and invited constitutional challenges to the same.

In that connection, Appellants sought an injunction of SCPD's lengthy licensing delays and the implementation of a 30-day limit on processing license applications.

1

A second challenge brought below is to SCPD's Arrest Policy" which subjects unlicensed individuals to arrest for complying with the State's 18-hour concealed carry training requirements, recently enacted through the Concealed Carry Improvement Act (CCIA), and pronounced disregard for the CCIA's exemption for such training under Penal Law § 265.

In furtherance of the prosecution of Appellants' constitutional claims, they filed a motion with the lower court for a preliminary injunction [Dkt. 27], which was denied by the lower court (Brown, J.) and is the subject of this appeal.

On February 16, 2023, Appellants timely filed a Notice of Interlocutory Appeal [Dkt. 41].

Consistent with Fed. R. App. P. 8(a), Appellants then filed a motion in the lower court for an injunction pending appeal [Dkt. 42-44], which was denied on February 21, 2023.

On March 2, 2023[1], Appellants filed a motion with this Court seeking an injunction pending the interlocutory appeal, in which declarations with supporting exhibits of recordings in digital format were submitted; specifically, Exhibit 2 to the Declaration of Zachary Giambalvo and Exhibit 1 to the Declaration of Joseph Terrusa.

---

[1] The delay in filing the motion for an injunction pending appeal as due solely to counsel being out of the office ill.

2

When filing their motion, Appellants did not upload the digital exhibits, but filed hard copies of the recordings with the Court and served the digital exhibits on counsel for Appellees on March 2, 2023.

On March 9, 2023, the undersigned was advised by Court personnel that a motion was required to seek permission to file electronic/digital exhibits, a requirement unknown to counsel or such a motion would have been made simultaneously with the motion. This motion follows.

## I. APPELLANTS' EXHIBITS SHOULD BE ADMITTED

### A. Giambalvo Digital Recording

Appellants challenge an SCPD policy that requires residents to wait 2-3 years to exercise the presumptively protected[2] right to possess and carry weapons[3] in common use for self-defense[4] – handguns.

And the *Bruen* Court invited constitutional challenges to licensing schemes that impose "lengthy wait times" – even for 'shall issue' jurisdictions (which New York is *not*):

---

[2] The right to possess and carry handguns for self-defense is conduct presumptively protected by the plain text of the Second Amendment. *Bruen*, at 2126 ("In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.").

[3] "Putting all of these textual elements together, we find that they **guarantee the individual right to possess and carry weapons in case of confrontation**." *D.C. v. Heller*, 554 U.S. 570, 592 (2008) (emphasis added).

[4] "The Court has held that the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding…" *Caetano v. Massachusetts*, 577 U.S. 411 (2016) (per curium) (stun guns) (internal quotations omitted) quoting, *Heller*, at 582.

3

> "[B]ecause any permitting scheme can be put toward abusive ends, we do not rule out constitutional challenges to shall-issue regimes where, for example, lengthy wait times in processing license applications or exorbitant fees deny ordinary citizens their right to public carry."

*Bruen*, at 2138, n. 9.

The Declaration of Appellant Zachary Giambalvo ("Mr. Giambalvo") was submitted in support of Appellants' motion for an injunction pending appeal.[5] Exhibit 2 to Mr. Giambalvo's Declaration is a digital video recording of his August 2022 phone call to the SCPD Licensing Bureau and his conversation with Licensing Bureau staff member "Suzanne", which speaks to the "year and a half to 2 years to get called for an interview." [Exhibit Binder at Ex. 1, ¶ 10].

Mr. Giambalvo declares pursuant to 28 U.S.C. § 1746, "A true and accurate copy of the digital recording of the conversation is attached hereto as Exhibit 2." [Exhibit Binder at Ex. 1, ¶ 10].

### B. Terrusa Digital Recording

Likewise, the Declaration of Joseph Terrusa ("Mr. Terrusa"), who is not a party to this action but harmed by SCPD's "Arrest Policy," is submitted in support of Appellants' motion.

---

[5] See, Exhibit Binder at Ex. 1.

Mr. Terrusa's Declaration includes the account of his conversation with the SCPD Licensing Bureau on February 7, 2023, wherein he was informed by staff member "Denise" that it is "illegal" for an unlicensed person taking the 18-hour concealed carry training course required by the CCIA[6] and that a concealed carry license cannot be applied for by a person who had taken such firearms training prior to being issued a license because "they can't, they can't do that"… "that's illegal. You can't handle a gun, you can't go to the range and handle a gun [without a handgun license].[7] SCPD requires its residents to first apply for a premises license, then take the 18-hour course, then reapply for a concealed carry license.[8]

Mr. Terrusa declared pursuant to 28 U.S.C. § 1746, "A true and accurate copy of my recorded conversation with the SCPD Licensing Bureau is annexed hereto."

### C. Evidentiary Value

The recordings are relevant and material to the determination of whether an injunction pending the interlocutory appeal should be granted, and are the **best evidence** of the substance of the communications between Appellants and the SCPD Licensing Bureau [FRE 402] and there is no basis for exclusion. FRE 403.

---

[6] See, Penal Law sections 400.00(1)(o); 400.00(19).
[7] See, Exhibit Binder at Ex. 8, ¶¶ 4-11.
[8] See, Exhibit Binder at Ex. 8, ¶¶ 11-15.

5

### D. Part of the Record on Appeal

The digital video recording of Mr. Giambalvo's conversation with the SCPD Licensing Bureau was submitted as an exhibit in support of Appellants' motion for an injunction in the lower court – the subject of this appeal – and is already a part of the appellate record to be submitted to the Court.

Accordingly, the exhibits containing digital recordings should, respectfully, be admitted and considered in support of Appellants' motion for an injunction pending appeal.

### CONCLUSION

Appellants' motion should be granted.

Dated: March 9, 2023
    Scarsdale, New York

                            The Bellantoni Law Firm, PLLC
                            *Attorneys for Appellants*

                By:    *Amy L. Bellantoni*
                            Amy L. Bellantoni
                            2 Overhill Road, Suite 400
                            Scarsdale, New York 10583
                            (914) 367-0090
                            abell@bellantoni-law.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word 2016 and, according to that software, it contains 1153 words, excluding those portions of the brief not subject to the count.

_Amy L. Bellantoni_
Amy L. Bellantoni