

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

March 13, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

  Re: *Giambalvo v. New York*, No. 23-208

Dear Ms. Wolfe:

  I represent defendant-appellee Acting Superintendent of the New York State Police Steven Nigrelli in this appeal. I write in response to appellants' motion to expedite briefing in this appeal, ECF No. 17. This Court should decline that request and instead allow the appeal to proceed under the standard briefing schedule in Local Rule 31.2(a), or if expediting were appropriate, on the expedited appeal schedule provided in Local Rule 31.2(b).

  As discussed in the State's opposition to appellants' motion for an injunction pending appeal, ECF No. 36, appellants fail to show good cause to expedite this appeal because they are unlikely to succeed on the merits of their appeal of the district court's denial of preliminary injunctive relief. Appellants lack standing to enjoin the State's handgun licensing regulations because they have not applied for and been denied a license. *See Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020), *abrogated in part on other grounds by New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022); *United States v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012). And even if appellants had standing, they make no persuasive argument that New York's licensing regulations infringe on their Second Amendment rights. *See Bruen*, 142 S. Ct. at 2138 n.9; *id.* at 2161 (Kavanaugh, J., concurring); *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

  Moreover, appellants do not identify any reason that the briefing schedule in this appeal should be expedited, beyond the fact that it is an appeal from an order denying a preliminary injunction. Under 28 U.S.C. § 1657(a), courts "shall expedite . . . any action for temporary or preliminary injunctive relief." But that section does not constrain this

Court's discretion in how to expedite consideration of an appeal, nor does it require an expedited briefing schedule, much less the extraordinarily compressed schedule requested by appellants. Indeed, this Court does not have a practice of granting an expedited briefing schedule for appeals from orders denying preliminary injunctive relief. *See* Local Rule 31.2(b) (identifying matters for which expedited briefing is routinely ordered).

An expedited schedule would substantially prejudice the State's interests. Given the importance of the underlying issues here and appellants' failure to articulate any irreparable harm, this Court should ensure that the parties have adequate time to prepare thorough briefs that will assist the Court in addressing the issues presented. Appellants did not inform counsel for the State that this motion was forthcoming, as required by Local Rule 27.1. Accordingly, the State was not offered an opportunity to advise appellants of its counsel's many forthcoming obligations or to propose an alternative briefing schedule. The counsel assigned to this appeal have numerous obligations in March that would prejudice our ability to adequately respond to appellants' appeal on an expedited basis. Among other obligations, I am counsel in an appeal regarding New York's Concealed Carry Improvement Act (CCIA), which is in the process of being briefed and will be argued before this Court on March 20, 2023. *Christian v. Nigrelli*, No. 22-2987. Deputy Solicitor General Ester Murdukhayeva is counsel in *Christian* and three other appeals regarding the CCIA, and is preparing to argue all four cases on March 20. *See Antonyuk v. Hochul*, No. 22-2908; *Hardaway v. Nigrelli*, No. 22-2933; *Spencer v. Nigrelli*, 22-3237. Ms. Murdukhayeva is also assigned to review other significant matters with forthcoming due dates, including three state court appellate briefs involving constitutional challenges to New York's Foreclosure Abuse Prevention Act. *See U.S. Bank Nat'l Ass'n v. Simon*, No. 2020-09391 (App. Div. 2d Dep't) (state brief due March 27, 2023); *Deutsche Bank Nat'l Tr. Co. v. DeLuca*, No. 534805 (App. Div. 3d Dep't) (state brief due March 30, 2023); *U.S. Bank Nat'l Ass'n v. Corcuera*, No. 2020-06138 (App. Div. 2d Dep't) (state brief anticipated to be due on April 7, 2023).

Even if the Court concludes that expedited briefing is appropriate, appellants' proposed schedule is unreasonable and wholly improper. Appellants' proposal gives them until March 20, 2023, to file an opening brief, more than a month after their notice of appeal was filed on February 16, 2023. However, appellees would have only until March 27, 2023, a single week, to respond. At the same time, appellants would give themselves a full week, or until April 3, 2023, to prepare a reply brief. Any expedited schedule should, at minimum, give each party the same amount of time to prepare their initial briefs.

Respectfully submitted,

Sarah Coco
Assistant Solicitor General
(212) 416-6312