UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-208

**Caption [use short title]:** Giambalvo v. New York

**Motion for:** Unopposed Motion to Intervene

**Set forth below precise, complete statement of relief sought:**
An order granting the New York State Attorney General's motion to intervene pursuant to 28 U.S.C. § 2403(b) to defend the constitutionality of state law.

**MOVING PARTY:** Proposed Intervenor the New York State Attorney General
**OPPOSING PARTY:** None

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Sarah Coco
**OPPOSING ATTORNEY:** None
[name of attorney, with firm, address, phone number and e-mail]

New York State Office of the Attorney General, 28 Liberty St., New York, NY, 10005
sarah.coco@ag.ny.gov
212-416-6312

**Court- Judge/ Agency appealed from:** Hon. Gary R. Brown, United States District Court for the Eastern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☑ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Sarah Coco          **Date:** 4/12/23          Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

ZACHARY GIAMBALVO, et al.,

        *Plaintiffs-Appellants*,

  v.

SUFFOLK COUNTY, NEW YORK, et al.,

        *Defendants-Appellees*,

JOHN DOES 1-5, Individually,
JANE DOES 1-5, Individually,

        *Defendants.*

No. 23-208

# MEMORANDUM OF LAW IN SUPPORT OF THE NEW YORK ATTORNEY GENERAL'S UNOPPOSED MOTION TO INTERVENE

BARBARA D. UNDERWOOD
  *Solicitor General*
ESTER MURDUKHAYEVA
  *Deputy Solicitor General*
SARAH COCO
  *Assistant Solicitor General*
     *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
28 Liberty Street
New York, NY 10005
(212) 416-6312

Dated: April 12, 2023

# TABLE OF CONTENTS

                                                                   **Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF THE CASE ..................................................................... 2

     A.   Statutory Background ........................................................... 2

     B.   Factual and Procedural Background ....................................... 3

ARGUMENT ............................................................................................. 6

    This Court Should Grant the Attorney General's Motion to Intervene in This Appeal ............................................................... 6

CONCLUSION .......................................................................................... 9

## PRELIMINARY STATEMENT

Plaintiffs are individuals and a firearms training business challenging aspects of Suffolk County's firearm-licensing policies, as well as the constitutionality of several provisions of New York's Concealed Carry Improvement Act (CCIA). Plaintiffs' operative complaint seeks relief against Suffolk County officials and Acting Superintendent of the New York State Police Steven Nigrelli. In February 2023, the District Court for the Eastern District of New York (Brown, J.) denied plaintiffs' motion for a preliminary injunction. After appealing from the denial of the preliminary injunction, plaintiffs voluntarily dismissed their claims against Acting Superintendent Nigrelli.

The New York State Attorney General now moves to intervene in this appeal for the limited purpose of defending the constitutionality of the state law.[1] Because Acting Superintendent Nigrelli is no longer a party to this case, the Attorney General is expressly authorized to intervene to defend the constitutionality of the challenged provisions of New York

---

[1] The Attorney General has also filed a motion to intervene in the district court.

law. *See* 28 U.S.C. § 2403(b); Fed. R. App. P. 44(b). Counsel for plaintiffs and Suffolk County consent to this intervention.

## STATEMENT OF THE CASE

### A. Statutory Background

New York law has long set forth basic eligibility criteria for a license to carry a concealed handgun in public, including being at least twenty-one years old, not having a felony record, and otherwise having "good moral character." *See* Penal Law § 400.00(1)(a)-(c). Following the U.S. Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), the New York Legislature passed the CCIA, which eliminated the "proper cause" requirement found invalid in *Bruen*, clarified the definition of "good moral character," and imposed new licensing requirements, among other things. *See* Ch. 371, 2022 N.Y. Laws (N.Y. Legis. Retrieval Sys.) (eff. Sept. 1, 2022).

Under the CCIA, applicants are required to complete sixteen hours of training and two hours of live-fire instruction, Penal Law § 400.00(1)(o)(iii), (19). While undergoing live-fire training, applicants are exempted from liability for unlicensed carry if they are supervised by a duly authorized instructor. *Id.* § 265.20(a)(3-a). Every applicant is

required to "meet in person with the licensing officer for an interview," *id.* § 400.00(1)(o), and to submit statutorily specified information, including the identity of other adult household members, disclosure of whether minor children live in their home, character references, a listing of social media accounts, and other information determined to be reasonably necessary, *id.* § 400.00(1)(o)(i)-(v). Local governments may establish additional requirements. *Id.* § 400.30.

## B. Factual and Procedural Background

Plaintiffs Zachary Giambalvo, Shane Mashkow, Kevin McLaughlin, and John Mougios are individuals residing in Suffolk County who have initiated the process to apply for a concealed-carry handgun license by submitting an "applicant questionnaire" to the Suffolk County Police Department. Their applications have not yet been adjudicated. Plaintiffs each contend that they do not intend to comply with various CCIA requirements during the application process. (*See* Am. Compl. (Compl.) at 32, 36-37, 39 (Oct. 28, 2022), EDNY ECF No. 13.) Plaintiff Michael McGregor has applied for an amendment to his existing license, which similarly has not been adjudicated. He also contends that he will not comply with the CCIA's licensing requirements if required to do so. (*See*

3

*id.* at 42.) Finally, Frank Melloni, the owner of Renaissance Firearm Instruction, Inc. (RFI), intends to provide CCIA-mandated live-fire instruction to applicants seeking handgun licenses and contends that he has been injured by Suffolk County's alleged policy of prohibiting applicants without a license from engaging in live-fire training. (*Id.* at 43-44.)

Plaintiffs commenced this action against Suffolk County and its officials on August 15, 2022. On November 17, 2022, plaintiffs amended their complaint to add claims against Acting Superintendent Steven Nigrelli. As relevant here, plaintiffs' amended claims challenged provisions of the CCIA's licensing requirements as facially invalid, including the "good moral character" requirement, the training requirement, the in-person interview, and the requirement that an applicant submit statutorily required information. *See* Penal Law § 400.00(1)(b), (1)(o), (19). Plaintiffs also challenged the CCIA provision permitting local regulations that establish additional requirements. *Id.* § 400.30. (*See* Compl. at 46-48.) In addition, plaintiffs challenged aspects of New York's licensing scheme predating the CCIA, including the requirement that licensing officers act on an application for a license within six months of receiving it or give the applicant written notice of the reason for the delay, Penal

4

Law § 400.00(4-b), and the provision declaring it a misdemeanor to violate any provisions of New York's licensing regulations, *id.* § 400.00(15). (*See* Compl. at 46-48.)

On December 11, 2022, plaintiffs moved for a preliminary injunction against the County enjoining enforcement of the challenged CCIA provisions and certain county policies. The district court denied the motion, holding that plaintiffs lacked standing, were unlikely to succeed on the merits of their claims, and in some cases failed to show irreparable harm. Plaintiffs filed a notice of appeal on February 16, 2023 and moved in this Court for an injunction pending appeal and to expedite the appeal. Acting Superintendent Nigrelli and the Suffolk County defendants opposed plaintiffs' motions, which remain pending before this Court.

On April 11, 2023, plaintiffs voluntarily dismissed their claims against Acting Superintendent Nigrelli with prejudice in the district court. (*See* Notice of Voluntary Dismissal (April 11, 2023), EDNY ECF No. 45.)

5

## ARGUMENT

### THIS COURT SHOULD GRANT THE ATTORNEY GENERAL'S MOTION TO INTERVENE IN THIS APPEAL

Although no federal rule of appellate procedure governs appellate intervention in a case like this, courts have "considered the policies underlying intervention in the district courts" when deciding whether to permit intervention on appeal. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022) (quoting *Automobile Workers v. Scofield,* 382 U.S. 205, 217 n.10 (1965)); *Floyd v. City of New York*, 770 F.3d 1051, 1062 & n.39 (2d Cir. 2014). Those considerations, which permit intervention by timely motion when a federal statute grants a right to intervene pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure, weigh strongly in favor of granting the Attorney General's motion to intervene in this appeal for the purpose of defending the constitutionality of New York's firearm-licensing laws. The Attorney General has filed a substantially similar motion in the district court.

Despite dismissing their claims against Acting Superintendent Nigrelli, plaintiffs continue to challenge the constitutionality of New York's firearm-licensing regulations on appeal. The Attorney General has a statutory right to intervene in cases presenting constitutional chal-

6

lenges to state laws where neither the State nor any agency, officer, or employee of the State is a party. *See* 28 U.S.C. § 2403(b); Fed. R. App. P. 44(b); *see also* Fed. R. App. P. 44 advisory committee's note to 2002 amendment (indicating that Rule 44(b) implements Section 2403(b) in the United States courts of appeals). That statutory right applies even in cases where the constitutional claim "is obviously frivolous or may be disposed of on other grounds," *see Merrill v. Town of Addison*, 763 F.2d 80, 82 (2d Cir. 1985), and this Court has routinely granted the Attorney General permission to intervene for purposes of defending the constitutionality of state laws. *See, e.g., id.*; *CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 258 & n.2 (2d Cir. 2009).

The fact that Acting Superintendent Nigrelli consented to the dismissal of claims against him as a party does not change the applicability of Section 2403(b). As the Supreme Court recently explained, when a state official is no longer defending a statute on the merits, constitutional considerations concerning the sovereign power of the States and their interest in the continued enforceability of their statutes require federal courts to afford deference to state attorneys general seeking to intervene to defend those statutes. *See Cameron*, 142 S. Ct. at 1007, 1010-

7

11. In *Cameron*, the Court thus held that a lower court abused its discretion by failing "to account for the strength of the Kentucky attorney general's interest in taking up the defense" of a state statute. *Id.* at 1012. While the reasons for the state party's absence are different here than in *Cameron*, the same considerations weigh in favor of intervention and the Attorney General's "opportunity to defend [New York's regulations] in federal court should not be lightly cut off." *See id.* at 1011.

The Attorney General's request is also timely and would not prejudice the existing parties. *Cf. Floyd*, 770 F.3d at 1058. The Attorney General moved to intervene "as soon as it became clear," *Cameron*, 142 S. Ct. at 1012, that Acting Superintendent Nigrelli would be dismissed from the case and thus would be unable to continue defending the constitutionality of New York's gun regulations. Finally, there is no prejudice to the existing parties because they have consented to this intervention, because Acting Superintendent Nigrelli pressed arguments defending the constitutionality of New York's regulations below, and because the Attorney General's intervention at this early stage would not disrupt the appeal when no briefing schedule has been set.

8

## CONCLUSION

For all of the foregoing reasons, this Court should grant the Attorney General's motion to intervene.

Dated: New York, New York
April 12, 2023

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*

By:   */s/ Sarah Coco*
    SARAH COCO
    Assistant Solicitor General

    28 Liberty Street
    New York, NY 10005
    (212) 416-6312

BARBARA D. UNDERWOOD
  *Solicitor General*
ESTER MURDUKHAYEVA
  *Deputy Solicitor General*
SARAH COCO
  *Assistant Solicitor General*
    *of Counsel*

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Kelly Cheung, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 1,506 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

*/s/ Kelly Cheung*