

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

August 28, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Giambalvo v. Suffolk County*, No. 23-208

Dear Ms. Wolfe:

I represent intervenor the New York State Attorney General in the above-captioned appeal. I write to advise the Court of the Fourth Circuit's en banc decision in *Maryland Shall Issue, Inc. v. Moore*, No. 21-2017, 2024 WL 3908548 (4th Cir. Aug. 23, 2024).

*Maryland Shall Issue* rejected a Second Amendment challenge to Maryland's firearm licensing law, including its firearm safety training requirement, holding that firearm licensing laws are "presumptively constitutional" if they operate "merely to ensure that individuals seeking to exercise their Second Amendment rights are law-abiding persons." *Id.* at *1 (quotation marks omitted). In so holding, the Fourth Circuit relied on the Supreme Court's discussion of forty-three States' licensing laws in *NYSRPA v. Bruen*, 597 U.S. 1 (2022), which made plain that such laws do not "infringe" on Second Amendment rights because they "'do not necessarily prevent law-abiding, responsible citizens from exercising their Second Amendment rights.'" *Id.* at *6 (quoting *Bruen*, 597 U.S. at 38 n.9). Like Maryland's law, the firearm licensing requirements at issue in this appeal "operate to ensure that licenses

are denied only to those who are *not* law-abiding and responsible," and are therefore supported by the same principle. See State Br. 16-17.

Likewise, three judges concurring in the judgment in *Maryland Shall Issue* explained that even if Maryland's law implicated the plain text of the Second Amendment, Maryland had met its burden of showing that its licensing requirements, including the firearm safety training requirement, are consistent with the historical tradition of regulating firearm possession by dangerous individuals. 2024 WL 3908548 at *13, 15-19 & n.2 (Rushing, J., concurring in the judgment). That same historical tradition supports the licensing requirements at issue here. See State Br. 23-42; State Supp. Br. 10-15.

                                                        Respectfully submitted,

                                                        /s/ Sarah Coco

                                                        Sarah Coco
                                                        Assistant Solicitor General
                                                        (212) 416-6312

cc: Counsel of record (by ECF)