

August 29, 2024

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    *Giambalvo v. Suffolk County, New York*, No. 23-208

Dear Ms. Wolfe,

I represent the plaintiffs-appellants in the above-referenced appeal.

The Fourth Circuit en banc court decision in *Maryland Shall Issue, Inc. v. Moore*, No. 21-2017, 2024 WL 3908548 (4th Cir. Aug. 23, 2024) is inconsistent with the plain text, scope, and intent of the drafters of the Second Amendment.

No Supreme Court case has analyzed whether there is a National historical tradition of requiring 'the People' to submit to (and pay for) training before legally possessing and/or carrying arms. See, Judge Richardson's dissent at *Maryland* beginning at *21.

Proposals to limit the scope of the right were **rejected** by the drafters.

<u>Creating the Bill of Rights: The Documentary Record from the First Continental Congress</u>, Helen E. Veit, Kenneth R. Bowling, and Charlene Bangs Bickford (hereinafter Veit) chronicles the discussions leading to the enactment of the Bill of Rights.

On "August 17 [1789], a motion by [Elbridge] Gerry [of Massachusetts] to insert 'trained at arms' at this point failed for want of a second." Veit, at p. 30. The suggestion of a training requirement as part of the Second Amendment was summarily rejected by the Founders.

Nor does a training requirement ensure that 'dangerous' people are not armed.

'Only' requiring the People to do 'certain' things *before* the preexisting right to self-defense can be exercised is prohibited by the phrase "shall not be infringed." Because any right can be usurped under the guise of 'public safety' the Founders shielded the right to possess and carry arms from government

usurpation by this mandate.[1]

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[1] Notably, *Bruen* did not engage in any historical analysis of licensing regimes. The majority opinion simply expressed a preference for objective shall-issue versus subjective may-issue regimes, like New York's. Likewise, the *Maryland* en banc court conducted no historical analysis of training requirements.