**COUNTY OF SUFFOLK**



**EDWARD P. ROMAINE**
**SUFFOLK COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

October 31, 2024

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    *Giambalvo v. Suffolk County*
             Docket No. 23-208

Dear Ms. Wolfe:

The Suffolk County Attorney's Office represents the Suffolk County defendants-appellees on this appeal from the Memorandum of Decision and Order of the United States District Court for the Eastern District of New York dated February 14, 2023, which denied plaintiffs-appellants' motion for a preliminary injunction. We submit this letter in light of this Court's October 24, 2024 decision in *Antonyuk v. James*, docket no. 22-2908, 2023 WL 11963034, and in response to plaintiffs-appellants' letter filed October 29, 2024 (docket entry no. 141).

Plaintiffs-appellants appeal from the denial of their motion for a mandatory preliminary injunction directing the Suffolk County Police Department to pass upon pistol license applications within 3 months of the submission of New York's State's PPB-3 form and enjoining the Suffolk County Police Department's alleged policy of subjecting unlicensed live-fire trainees and their instructors to criminal penalties.

Since the appeal was taken, plaintiffs-appellants' license applications have all been passed upon by the Suffolk County Police Department. Plaintiff-appellant McGregor now lives in Westchester County and is therefore no longer subject to Suffolk County's licensing authority. Accordingly, the appeal from District Court's denial of a mandatory injunction is now moot.

*Antonyuk*'s reference to a "quick and efficient" process pertains to the time a background investigator requires to properly conduct their investigation ("Background investigations should be quick and efficient, and should not require licensing officers to engage in burdensome cross-checks with other government records to learn relevant information that

**LOCATION**      **MAILING ADDRESS**
**H. LEE DENNISON BLDG.**      **P.O. BOX 6100**      **(631) 853-4049**
**100 VETERANS MEMORIAL HIGHWAY**  ♦  **HAUPPAUGE, NY 11788-0099**  ♦  **TELECOPIER (631) 853-5169**

would result in unnecessary delays and backlogs in processing applications, especially where that information is routinely disclosed to the government in other contexts and is readily available to the applicant.") The language does not address how quickly a licensing authority must pass upon applications.

Likewise, *Antonyuk* does not support plaintiffs-appellants' claim of standing to challenge the County's alleged policy of subjecting unlicensed live fire trainees and their instructors to purported criminal penalties. In stark contrast to the circumstances present in *Antonyuk*, although almost two years have passed since the commencement of this action, yet plaintiffs-appellants still have not identified a single individual who has been arrested or prosecuted pursuant to the supposed policy. It is obvious that District Court's conclusion that they failed to show a sufficiently tangible threat of criminal action is correct.

Respectfully, the County asks that the Memorandum of Decision and Order of the United States District Court for the Eastern District of New York appealed from be affirmed.

Respectfully submitted,

Christopher J. Clayton
Suffolk County Attorney

*/s/ Arlene S. Zwilling*
Arlene S. Zwilling
Assistant County Attorney

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099    ♦

(631) 853-4049
TELECOPIER (631) 853-5169